**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
NEW JERSEY PROTECTION &             :   CIVIL ACTION NO. 07-2978 (MLC)
ADVOCACY, INC., et al.,             :
                                    :        MEMORANDUM OPINION
     Plaintiffs,                    :
                                    :
     v.                             :
                                    :
NEW JERSEY DEPARTMENT OF            :
EDUCATION, et al.,                  :
                                    :
     Defendants.                    :
_____:
```

**COOPER, District Judge**

Plaintiffs, New Jersey Protection and Advocacy, Inc., the Education Law Center, the Statewide Parent Advocacy Network of New Jersey, and the Arc of New Jersey (collectively, "Plaintiffs") commenced this action against (1) the New Jersey Department of Education ("NJDOE"), (2) the New Jersey State Board of Education ("Board"), (3) Lucille E. Davy ("Davy" and together with the NJDOE and the Board, "Defendants") in her official capacity as Commissioner of the NJDOE, and (4) Arnold G. Hyndman, Arcelio Aponte, Ronald K. Butcher, Debra Eckert-Casha, Maud Dahme, Kathleen A. Dietz, Josephine E. Hernandez, Frederick H. Lagarde, Jr., Ernest Lepore, Thelma Napoleon-Smith, Edithe Fulton, and Kenneth J. Parker in their official capacities as members of the Board ("Board Members").  (Dkt. entry no. 1, Compl.)  Plaintiffs assert that Defendants have violated the rights of disabled children and their parents under the

Individuals with Disabilities Education Act, 20 U.S.C. § ("Section") 1400, et seq. ("IDEA") and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.  (Id.)

Defendants and the Board Members moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), or, in the alternative, to join necessary parties pursuant to Rule 19(a).  (Dkt. entry no. 9, Mot. to Dismiss.)  On June 30, 2008, this Court granted in part and denied in part the motion to dismiss.  (Dkt. entry no. 17, 6-30-08 Order.)  The Court dismissed the claims against the Board Members, but denied the motion to the extent it sought to dismiss the claims against Defendants.  (Id.)

Defendants now ask this Court to certify the June 30, 2008 Order ("6-30-08 Order") for appellate review by the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).  (Dkt. entry no. 19, Mot. to Certify.)  Defendants also move to stay this action until resolution of any appeal.  (Dkt. entry no. 23, Mot. to Stay.)  Plaintiffs oppose both motions.  (Dkt. entry no. 26, Pls. Br, at 1.)  The Court determines the separate motions on briefs without an oral hearing, pursuant to Rule 78(b).  For the reasons stated herein, the Court will (1) grant the motion for certification of the 6-30-08 Order for appellate review, and (2) grant the motion to stay the proceedings until resolution of any appeal.

**BACKGROUND**[1]

The Court denied the part of the motion seeking to dismiss Plaintiffs' claims against the Defendants. (6-30-08 Order.) The Court concluded that Plaintiffs were not required to exhaust administrative remedies under the IDEA before bringing this action. (Dkt. entry no. 16, 6-30-08 Mem. Op., at 21.) The Court noted that Plaintiffs alleged that "the entire special education system in New Jersey is deficient with respect to the placement of disabled children in the least restrictive environment." (Id. at 23.) Rather than seeking individual relief for specific children, Plaintiffs sought relief that would require restructuring of the State's chosen method of implementing the IDEA. (Id. at 21.) The Court reasoned that because an administrative law judge would be powerless to address Plaintiffs' claims or to provide the relief requested, "Plaintiffs were not required to exhaust any administrative remedies under the IDEA before commencing this action." (Id. at 25.) Thus, the Court rejected the argument that Plaintiffs' claims should be dismissed based upon Plaintiffs' failure to exhaust administrative remedies. (Id.)

Defendants now seek to certify the question of whether Plaintiffs were properly excused from exhausting administrative

---

[1] See the Court's June 30, 2008 Opinion for a more detailed background to the action.

3

remedies pursuant to the IDEA. (Dkt. entry no. 19, Defs. Br. to Certify, at 1.) Defendants argue that this question is "a 'controlling question of law' that offers 'substantial ground for difference of opinion' as to its correctness and will 'materially advance the ultimate termination of the litigation.'" (Id.) Defendants also seek a stay of this action until resolution of any appeal. (Dkt. entry no. 23, Defs. Br. to Stay, at 1.) Plaintiffs oppose both motions, arguing that Defendants failed to satisfy any of the Section 1292(b) requirements. (Pls. Br., at 2.) Further, Plaintiffs assert that a stay is inappropriate because Plaintiffs' interest in advancing this action and forcing compliance with the IDEA requirements is greater than Defendants' interest in conserving resources. (Id. at 20.)

## DISCUSSION

### I. Legal Standards - 28 U.S.C. § 1292(b)

A partial denial of a motion to dismiss is not a final judgment, and therefore is generally appealable only as an interlocutory appeal under 28 U.S.C. § 1292(b). See L.R. v. Manheim Twp. Sch. Dist., 540 F.Supp.2d 603, 608 (E.D. Pa. 2008). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of

> Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. § 1292(b). Thus, to merit a Section 1292(b) certification, the moving party must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996). The decision to grant certification is within the district judge's discretion, even if all three criteria are present. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976). Section 1292(b) certification should be used rarely since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation." Kapossy, 942 F.Supp. at 1001 (quotation and citation omitted).

Section 1292(b) is intended "to permit decision of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J. 2001) (quotation and citation omitted). Also, the policies furthered by Section 1292(b)

5

include "the avoidance of harm to a party pendente lite from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." Katz, 496 F.2d at 756.

### A.   Controlling Question of Law

A controlling question of law, for purposes of Section 1292(b), is "every order which, if erroneous, would be reversible error on final appeal." Id. at 755; P. Schoenfeld Asset Mgmt., 161 F.Supp.2d at 358. It is not required that reversal of the order terminate the litigation or that the order be on the claim's merits. Katz, 496 F.2d at 755. "Controlling" means "serious to the conduct of the litigation, either practically or legally." Id. From the practical standpoint, saving the district court's time and the litigants' expenses is "a highly relevant factor." Id.

### B.   Substantial Ground for Difference of Opinion

A difference of opinion, the second Section 1292(b) factor, "must arise out of genuine doubt as to the correct legal standard." P. Schoenfeld Asset Mgmt., 161 F.Supp.2d at 360; Kapossy, 942 F.Supp. at 1001. The moving party's mere disagreement with the district court's ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes. Kapossy, 942 F.Supp. at 1001; Hulmes v. Honda Motor

Co., Ltd., 936 F.Supp. 195, 208 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998).

### C. Materially Advance Termination of Litigation

A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive. Manheim Twp. Sch. Dist., 540 F.Supp.2d at 613. A critical factor is whether the interlocutory appeal will cause excessive delay. See Hulmes, 936 F.Supp. at 212 (noting that "[d]elay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (quotation and citation omitted)). Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set. See Kapossy, 942 F.Supp. at 1004 (emphasizing that excessive delay is less likely where the certification question arises "early in the procedural history of the case" and concluding certification would cause excessive delay where discovery had concluded, in limine motions had been decided, and trial was scheduled).

## II. Application of Legal Standards

Defendants ask this Court to certify the 6-30-08 Order under Section 1292(b). (Defs. Br. to Certify, at 1.) Defendants

contend that the question of whether Plaintiffs were properly excused from exhausting any administrative remedies under the IDEA is a controlling question of law that offers substantial ground for difference of opinion as to its correctness, and an immediate appeal of the issue will materially advance the ultimate termination of the litigation. (Id.) Plaintiffs argue, inter alia, that (1) Defendants' question is not a controlling question of law, (2) there is no substantial ground for difference of opinion, Defendants merely disagree with this Court's ruling, and (3) certification would substantially delay the litigation. (Pls. Br., at 2.) The Court finds that Defendants satisfied the requirements for Section 1292(b) certification and will certify the 6-30-08 Order.

### A.   Controlling Question of Law

The question of whether Plaintiffs were properly excused from exhausting administrative remedies pursuant to the IDEA is a controlling question of law. This question pertains to subject matter jurisdiction since the Court does not have subject matter jurisdiction over Plaintiffs' IDEA claims if Plaintiffs have been improperly excused from complying with the IDEA's administrative exhaustion requirement. See Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 778 (3d Cir. 1994); Manheim Twp. Sch. Dist., 540 F.Supp.2d at 611 ("[T]o the extent that any claim seeks relief that is 'available' under the IDEA, the IDEA's

8

administrative remedies must be exhausted before such an action is brought."). Thus, the Court's 6-30-08 Order excusing Plaintiffs from the IDEA's administrative exhaustion requirement, if incorrect, would be reversible error on final appeal. See Manheim Twp. Sch. Dist., 540 F.Supp.2d at 610 (recognizing that an interlocutory order dismissing some of plaintiffs' claims under the IDEA for failure to exhaust administrative remedies is a controlling question of law). Furthermore, resolution of this issue could save the district court's time and the litigants' expenses. See Katz, 496 F.2d at 755 (emphasizing that saving time and expenses is a relevant factor in determining whether a question is a controlling question of law). If the 6-30-08 Order is reversed, the litigation will be terminated for lack of subject matter jurisdiction.

**B.   Substantial Ground for Difference of Opinion**

There is substantial ground for difference of opinion as to the circumstances under which plaintiffs are excused from complying with the IDEA's administrative exhaustion requirement. Two recent district court opinions from the District of New Jersey conflict regarding the applicability of the futility exception to the administrative exhaustion requirement under the

9

IDEA.  (6-30-08 Mem. Op.)  Grieco v. N.J. Dep't of Educ., No. 06-4077, 2007 WL 1876498, at *1 (D.N.J. June 27, 2007).[2]

In an action where Plaintiffs alleged systematic failure on the part of New Jersey to place disabled children in the least restrictive environment and sought system-wide relief, this Court determined that Plaintiffs were not required to exhaust their administrative remedies.  (6-30-08 Mem. Op., at 23, 25.)  The Court applied the futility exception to the IDEA's administrative exhaustion requirement.  (Id. at 23-25.)  In contrast, the Grieco court, when faced with a similar situation, concluded that plaintiffs were required to exhaust their administrative remedies.  Grieco, 2007 WL 1876498, at *7.  The Grieco court did not apply the futility exception to the IDEA's administrative exhaustion requirement.  Id.  That two New Jersey district courts reached conflicting conclusions about the applicability of the

---

[2] Both parties address a third recent case from the District of New Jersey, D.A. v. Pleasantville School District, as potentially raising a substantial ground for difference of opinion.  No. 07-4341, 2008 WL 2684239 (D.N.J. June 30, 2008). However, the Court finds Pleasantville School District inapplicable.  In contrast to this action and Grieco, plaintiffs in Pleasantville School District seek only substantive relief pertaining to one student.  Id. at *4.  Furthermore, plaintiffs' claims in Pleasantville School District do not implicate the integrity of New Jersey's IDEA dispute resolution process.  Id. Because plaintiffs in Pleasantville School District do not seek system-wide relief, but rather seek substantive relief for one student, Pleasantville School District does not implicate the futility exception to the IDEA's administrative exhaustion requirement.

futility exception to the IDEA's requirement of administrative exhaustion where plaintiffs alleged systematic failure and sought system-wide relief shows that there is substantial ground for difference of opinion on this issue. See Cardona v. Gen. Motors Corp., 939 F.Supp. 351, 354 (D.N.J. 1996) (recognizing instance in which certification was granted based on conflicting district court opinions).

### C. Materially Advance Termination of Litigation

Certification of the 6-30-08 Order may materially advance the ultimate termination of this litigation. Here, the issue for certification involves this Court's subject matter jurisdiction over the action. (See Defs. Br. to Certify, at 15-16.) This Court has subject matter jurisdiction only if Plaintiffs were properly excused from exhausting their administrative remedies before bringing this action. See Lindsley v. Girard Sch. Dist., 213 F.Supp.2d 523, 536-38 (W.D. Pa. 2002) (dismissing IDEA claims for lack of jurisdiction where plaintiff failed to exhaust administrative remedies). If the Third Circuit Court of Appeals determines that Plaintiffs did not satisfy an exception to the IDEA's administrative exhaustion requirement, then Plaintiffs' claims will be dismissed and the litigation terminated. See id. Thus, certification of the 6-30-08 Order may materially advance the litigation by ending the litigation and eliminating the need for a trial. See Hulmes, 936 F.Supp. at 211 (emphasizing that a

11

trial would still be needed even if the Court of Appeals reversed on appeal in concluding that an interlocutory appeal would not materially advance termination of the litigation).

Granting certification will not substantially delay this litigation.  This litigation is still in the early stages of its procedural history.  See id. (recognizing that excessive delay is less likely where the certification question arises early in the action's procedural history).  Extensive discovery has not yet been conducted, nor have pre-trial motions been filed or a trial date been set.  See Kapossy, 942 F.Supp. at 1004 (finding that certification would not materially advance litigation where discovery had concluded, pre-trial motions were decided, and a trial date was set).  Thus, certification of the 6-30-08 Order will not cause substantial delay and may materially advance termination of this litigation.

### III. Motion to Stay

Defendants ask this Court to grant a stay of the proceedings.  (Defs. Br. to Stay, at 1.)  Defendants argue that a stay is appropriate to avoid unnecessary expense of time, money, and resources.  (Id.)  Plaintiffs oppose the motion for a stay, arguing that Defendants have not shown the hardship or inequity necessary for a stay.  (Pls. Br., at 22.)  This Court finds that a stay is appropriate in this action.

Each court has the inherent power to control its own docket to promote fair and efficient adjudication. <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936); <u>Rolo v. Gen. Dev. Corp.</u>, 949 F.2d 695, 702 (3d Cir. 1991). Here, the Court will certify the 6-30-08 Order for appellate review, resolution of which may terminate this litigation and make discovery unnecessary. Thus, to promote fair and efficient adjudication, the Court will stay this action pending resolution of appeal from the 6-30-08 Order.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will (1) grant the motion for certification of the 6-30-08 Order, and (2) grant the motion to stay the proceedings until resolution of any appeal by the Third Circuit Court of Appeals. The Court will issue an appropriate order. Defendants should now proceed accordingly. <u>See</u> 28 U.S.C. § 1292(b) (concerning application to be made to the Court of Appeals).

                                        <u>s/ Mary L. Cooper</u>
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:   October 7, 2008