David L. Harris
Todd Wilson
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500

Ruth Lowenkron
**EDUCATION LAW CENTER**
60 Park Place, Suite 300
Newark, New Jersey 07040
973.624.1815

Joseph B. Young
**DISABILITY RIGHTS NEW JERSEY**
210 South Broad Street
Trenton, New Jersey 08608
609.292.9742

Michaelene Loughlin
**LOUGHLIN & LATIMER**
131 Main Street
Hackensack, New Jersey 07601
201.487.9797

RECEIVED

FEB 2 6 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY PROTECTION AND ADVOCACY, INC., *et al.*,<br><br>             Plaintiffs,<br><br>vs.<br><br>NEW JERSEY DEPARTMENT OF EDUCATION, *et al.*,<br><br>             Defendants. | Civil Action No. 07-2978 (MLC)<br><br><br><br><br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

**THIS MATTER** having been presented by the parties to the Court pursuant to Fed R. Civ. P. 26(c) and L. Civ. R. 5.3; and the parties having consented to some of the terms of this Discovery Confidentiality Order ("Order") and noted their disagreement on others; and the Court having considered the Certifications of Ruth Lowenkron, Esq. and Michael Walters, Esq.; and the parties having provided written submissions regarding the Order; and good cause having been shown;

IT IS on this ___24___ day of February 2009, **ORDERED** that

1. All materials as defined in L. Civ. R. 5.3(a)(2), which are related to any individual student, parent guardian, teacher or administrator for which the disclosing party avers that confidentiality cannot be safeguarded by redaction of personally identifying information, and that is designated as "confidential" by the disclosing party may be used only for purposes of preparation, trial and appeal of this action and shall be kept strictly confidential and may only be disseminated to the following individuals: parties to this litigation and their employees or representatives, attorneys of record and their legal staff, testifying experts, consulting experts, court reporters involved in taking depositions in the case, court personnel and such other persons as may be agreed upon by the parties pursuant to paragraph 2, below; and

2. Prior to disclosing confidential information to an individual not specified in paragraph 1 of this Order, the party seeking to make the disclosure shall notify the other party in writing of its intention to disclose confidential information to the proposed individual. The party seeking to make the disclosure shall specifically identify the proposed individual, the information to be disclosed and the individual's relation to this litigation. The other party shall thereafter have ten (10) business days to object to the disclosure to the proposed individual. Failure to object within ten (10) business days

2

shall constitute approval. If the objection cannot be resolved, the party seeking to make the disclosure may seek relief from the Court;

3. Any authorized individual to whom confidential material is disclosed pursuant to this Order shall be advised by the attorney making the disclosure that, pursuant to this Order, such person may not divulge any such material to any other person not authorized pursuant to this Order to have access to such material, and may not use such material for purposes unrelated to this litigation and the reason for the disclosure. In addition, the attorney making the disclosure shall secure from each individual to whom confidential material is disclosed, with the exception of regularly employed staff of the attorneys of record, an affidavit stating that such individual has read this Order and agrees to be bound by it. Such affidavit shall be maintained in the possession of the attorney securing the affidavit until further order of this Court. Court reporters and deposition witnesses may satisfy this requirement by noting their agreement on the record;

4. No later than sixty (60) days after the conclusion of this litigation (including exhaustion of all appeals and/or petitions for *certiorari*), all confidential material disclosed by one party to the other party pursuant to this Order, including all copies made for any reason, shall either be returned to the attorney for the disclosing party, or be certified by the receiving party to have been destroyed;

5. In the event that a dispute arises regarding whether information is properly designated as "confidential" and subject to the terms of this Order, the party disputing the assertion of confidentiality shall provide the disclosing party with a written statement setting forth the basis of the challenge to the assertion of confidentiality. Within fifteen (15) business days of receipt of such written statement, the disclosing party shall either:

   a. withdraw the assertion of confidentiality; or

   b. bring the dispute before the Magistrate Judge pursuant to L. Civ. R. 37.1(a)(1);

6. The inadvertent failure to designate any information as confidential will not be deemed to waive a later claim as to its confidentiality or stop the disclosing party from designating such information as confidential at a later date in writing. The information shall be treated by the receiving party as confidential, and otherwise subject to the terms of this Order, from the time the receiving party is notified in writing of the change in designation;

7. Nothing in this Order shall be construed as authorizing the filing of material under seal absent a separate Order of the Court authorizing the sealing of specific documents. If a party wishes to submit information to the Court that will be placed on the public record that has been previously designated as confidential by another party, the submitting party shall notify the other party of its intention five (5) days prior to submitting the information to the Court. The other party shall notify the submitting party of whether it intends to withdraw its confidentiality designation. If the other party does not withdraw its confidentiality designation, the submitting party shall file a motion to seal said information pursuant to L. Civ. R. 5.3(c). The other party thereafter bears the burden of filing the proposed findings of fact and conclusions of law pursuant L. Civ. R. 5.3(c)(2). The filing of the temporary motion to seal is without prejudice to the submitting party's right to oppose the other party's confidentiality designations under the terms of this Order, or to contest the other party's proposed findings of fact and conclusions of law;

8. This Discovery Confidentiality Order shall be governed in accordance with the laws of the State of New Jersey and enforced pursuant to the applicable Federal Rules of Civil Procedure.

9. This Discovery Confidentiality Order may be modified upon agreement of the parties.

_____
Honorable John J. Hughes, U.S.M.J.