

David L. Harris
Member of the Firm
Tel  973 597 2378
Fax  973 597 2379

dharris@lowenstein.com

November 14, 2011

**VIA ECF AND FIRST CLASS MAIL**

The Hon. Mary L. Cooper, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   Disability Rights New Jersey, *et al*. v. New Jersey Department of Education, *et al*.
      Civil Action No. 07-2978 (MLC/LG)

Dear Judge Cooper:

Plaintiffs Disability Rights New Jersey, Education Law Center, Statewide Parent Advocacy Network and The Arc of New Jersey (collectively, "Plaintiffs") respectfully submit this letter memorandum in further support of their appeal from Magistrate Judge Goodman's September 26, 2011 Order denying Plaintiffs' motion to compel classroom observations in 20 randomly-selected school districts (the "Districts").  Specifically, in accordance with Plaintiffs' November 4, 2011 letter to Your Honor, we submit this reply to address only: (1) Defendants' lack of standing to oppose Plaintiffs' appeal, and (2) certain arguments raised in the opposition brief submitted by Evesham Township ("Evesham").

Defendants Lack Standing to Oppose Plaintiffs' Appeal

Plaintiffs object to Defendants' involvement in the present appeal because the appeal concerns whether the Magistrate Judge erred in quashing subpoenas directed to non-parties.  "Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed.  However, a party to an action has standing to quash or modify a non-party subpoena where the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information."  *Schmulovich v. 1161 Rt. 9 LLC*, 2008 WL 4572537 at *4 (D.N.J. Oct. 14, 2008) (acknowledging defendants' privilege in their own bank account records) (internal citation omitted); *DirecTV, Inc. v. Richards*, 2005 WL 1514187 (D.N.J. June 27, 2005) (reaching merits of defendant's challenge to a subpoena served on third-party because defendant asserted a

The Hon. Mary L. Cooper, U.S.D.J.                                               November 14, 2011
Page 2

personal privilege). Defendants have not claimed such a privilege or privacy interest, nor can they. Accordingly, Defendants' opposition papers should not be considered by this Court.

<u>This Court Should Not Consider the Factually Inaccurate and/or New Arguments<br>Raised by Evesham Township</u>

The opposition brief submitted by Evesham is rife with inaccurate portrayals of Plaintiffs' position and the Magistrate Judge's ruling, makes new arguments that were never briefed on the underlying motions to compel and quash Plaintiffs' subpoenas, and stretches applicable law to its limits. Without burdening the Court with each and every such instance, we note below some of the more egregious examples:

First, Evesham asserts that the Magistrate Judge "found" that the information that Plaintiffs seek via the observations is unrelated to Plaintiffs' lawsuit, and that Plaintiffs failed to appeal an Order "reflecting those findings." Evesham Br. at 5 (citing 2/22/11 Tr. at 51-52). In fact, the Magistrate Judge made no "findings" whatsoever regarding whether the observations are related to the allegations contained in Plaintiffs' Complaint. Rather, she stated that she did not understand the connection and would not allow the observations until Plaintiffs provided more information. (2/22/11 Tr. 51-52). Similarly, the Magistrate Judge did not "find' that "the only thing" the observations can show is whether the Districts are properly implementing Individualized Education Programs ("IEPs"). Evesham Br. at 12. And, contrary to Evesham's assertion (Br. at 5), the resulting Order (Docket #136), reflects no "findings" on the issue. This Court should, therefore, disregard Evesham's arguments to the contrary.

Second, a significant portion of Evesham's opposition is devoted to the admissibility of expert opinions under the standard enunciated in *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). To be clear, the instant dispute relates solely to the taking of discovery and not to the admissibility or reliability of expert opinions not yet rendered. Although Evesham raised the *Daubert* standard once before, Plaintiffs were never required to satisfy that standard (*e.g.*, through briefing or a Rule 104 hearing), and the Magistrate Judge's ruling did not address *Daubert*. This Court should, therefore, disregard this argument raised by Evesham.

Third, Evesham grossly mischaracterizes Plaintiffs' position regarding the persons who will collect data during the observations (some of whom may be graduate students) when it claims that "Plaintiffs concede that because their observers are not experts, the observations alone are unreliable and require strict oversight." Evesham Br. at 16-17. Plaintiffs "concede" no such thing. In fact, Plaintiffs have been quite clear in their position that the opposite is true. *See* 2/22/11 Tr. at 38 ("The consistency and the data they collect and the observations they make can't be discretionary. They have to be consistent. That's why they're being trained…. So this is a scientific study that has to meet the criteria of the kind of social, scientific studies that are conducted in every field, including education. So it's not as if we're hiring kids and saying, 'Go

The Hon. Mary L. Cooper, U.S.D.J.                                                                November 14, 2011
Page 3

tell us what you think.'")  Furthermore, in their affidavits (*see* Docket # 134-1), Plaintiffs' experts described a scientific process that is controlled to maintain reliability, rather than, as Evesham would have it, one in which the observers require "strict oversight" because they are "unreliable."  This Court should disregard Evesham's mischaracterization of Plaintiff's position in this regard.

Fourth, Evesham argues that Plaintiffs have not properly qualified James W. Conroy, Ph.D. or Lou Brown, Ph.D. as experts because Plaintiffs submitted their curricula vitae only with their reply papers on the motion to compel.  Evesham Br. at 22.  However, the Magistrate Judge specifically accepted Dr. Conroy and Dr. Brown as experts for the limited purpose of Plaintiffs' motion to compel (*see* Docket #147 at n. 2), and no party, including Evesham, appealed that portion of the Magistrate Judge's ruling.  As such, this Court should disregard Evesham's new argument regarding Drs. Conroy and Brown.

Fifth, Evesham improperly claims that Plaintiffs have made an "admission" that all of the information they seek can be found in students' IEPs.  Evesham Br. at 18.  Quite to the contrary, Plaintiffs have consistently maintained that they must observe classrooms to fully assess the state of inclusion in New Jersey and the State's role in disseminating policies.  *See* 2/22/11 Tr. at 46 ("[y]ou would get that from a combination of the interviews with teachers and the observation"); Tr. at 48 ("we need to triangulate with the information from multiple sources to be able to put those pieces of the puzzle together, and we can't just do that from the IEPs alone.  That's theoretical information."); *see also* Affidavit of L. Brown, Docket # 134-1, ¶ 6 ("it is solely by observing the student in the classroom that one can ascertain what is truly happening for the student").  This Court should, therefore, disregard Evesham's argument that Plaintiffs have made an admission to the contrary.

Sixth, Evesham argues that "without [the observers'] accompaniment from defendants, plaintiffs' study, which would include subjective interpretations of non-expert observers, is unreliable and would not be able to be reproduced."  Evesham Br. at 17.  This is a new argument, never raised in the underlying motions.  While certain Districts argued that their internal policies required school visitors to be accompanied (and Evesham asked to "record" the observers' work), no one argued – let alone provided support for the argument – that Plaintiffs' study would be unreliable if the observers were not accompanied by Defendants.  Because Evesham's argument was never raised below, this Court should disregard it.  Moreover, even if the Court were to consider the argument, it is wholly contradicted by Plaintiffs' expert testimony and entirely unsupported by the case Evesham cites, *Elcock v. Kmart Corp.*, 233 F.3d 734 (3d Cir. 2000).  While *Elcock* discusses the reliability of experts' methods, it in no way supports the proposition that Plaintiffs' study will be subjective and not reproducible if Defendants and District personnel do not accompany the observers.  As such, this Court should disregard Evesham's argument.

The Hon. Mary L. Cooper, U.S.D.J.                                              November 14, 2011
Page 4

Finally, Evesham argues that Plaintiffs failed to timely appeal the Magistrate Judge's February 9, 2011 Order directing Plaintiffs not to accept compliance from those districts that were, at that time, in the process of fully complying with Plaintiffs' Subpoenas. Evesham Br. at 18-20. Not only does Evesham lack standing to make such an argument on behalf of the complying districts, but the argument fails on its merits -- until the Magistrate Judge issued her Order regarding the observations on September 26, 2011, Plaintiffs had not been aggrieved by the February 9, 2011 Order, which only required Plaintiffs to take no further action "while the motions were pending." In other words, until the Magistrate Judge issued the Order on September 26, 2011, the motions were still "pending" and there was no decision for Plaintiffs to appeal.

* * *

For the foregoing reasons and those included in Plaintiffs' moving papers, Plaintiffs respectfully request that this Court reverse the Order of the Magistrate Judge and require the Districts to allow Plaintiffs' experts to conduct classroom observations.

Respectfully submitted,

s/ David L. Harris

David L. Harris

18152/2
19035097.1

cc:     All Counsel of Record (via ECF)
        Counsel for School Districts (via ECF and Fax)